Darren L. Harris
CDCR # F-78333
CSP-Corcoran, 4A1L/16
P.O. Box 8800
Corcoran, Calif 93212



FILED
CLERK, U.S. DISTRICT COURT
JUN 1 7 2019
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CV19-5269-AG (RAO)**

Darren L. Harris,
    Plaintiff

V.

Gov. Gavin Newsom, etal
    Defendant(s)



LODGED
CLERK, U.S. DISTRICT COURT
JUN 1 4 2019
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Civil Rights Complaint Pursuant to:
42 U.S.C § 1983; 18 U.S.C. § 242 & 245;
42 U.S.C §§ 1987, 1988, & 1997a.

1. This Complaint PurPorts the Civil Right(s) Violations and Criminal action(s) against the Plaintiff, Darren L. Harris, the Civil Right(s) Violation and Criminal action(s) do also include Kidnap and False imprisonment. The misconduct being PurPorted herein this Complaint took Place while the Plaintiff was a Prisoner at CSP-LAC(Lancaster). Plaintiff is at this time a Prisoner at CSP-Corcoran due Further Misconduct by CSP-LAC Officials. On the date of February 14th, 2018,

2. Defendant: Armando Martinez
   Works at: California State Prison-Los Angeles County(Lancaster) 44750 60th Street West, Lancaster, California 93536.  Facility B, Lieutenant. The defendant is sued in his Individual Capacity. The misconduct Lt. Martinez engaged in occurred during his employment as a Correctional Officer

1.

3. Defendant: Raul AGUIRRE

Works at: California State Prison - Los Angeles County, (Lancaster), 44750 60TH Street West, Lancaster, California 93536

Yard Sergeant         The defendant is sued in his INDIVIDUAL Capacity.

The misconduct Sgt. Aguirre engaged in occurred during his employment as a Correctional Officer.

4. Defendant: LaTasha GRIFFIN

Works at: California State Prison - Los Angeles County, (Lancaster), 44750 60TH Street West, Lancaster, California 93536

Program Sergeant         The defendant is sued in her INDIVIDUAL Capacity

The misconduct Sgt. Griffin engaged in occurred during her employment as a Correctional Officer.

5. Defendant: Miguel ENRIQUEZ

Works at: California State Prison - Los Angeles County, (Lancaster), 44750 60TH Street West, Lancaster, California 93536

Security Patrol 1, %Officer         The defendant is sued in his INDIVIDUAL Capacity

The Misconduct %Enriquez engaged in occurred during his employment as a Correctional Officer.

6. Defendant: Jacob FERRSO

Works at: California State Prison - Los Angeles County (Lancaster), 44750 60TH Street West, Lancaster, California 93536

Gym Observation Correctional Officer     The defendant is sued in his INDIVIDUAL Capacity

The misconduct %Ferrso engaged in occurred during his employment as a Correctional Officer.

7. Defendant: Alisher LACHINOV
Works at: California State Prison-Los Angeles County,(Lancaster). 44750 60TH Street West,
Lancaster, California  93536
GYM Security Patrol, Correctional Officer   The defendant is sued in his INDIVIDUAL Capacity
The misconduct that % Lachinov engaged in occurred during his employment as a Correctional Officer.

8. Defendant: Rolando ROSAS
Works at: California State Prison-Los Angeles County,(Lancaster. 44750 60TH Street
West, Lancaster, California 93536.
Security Patrol 2, Correctional Officer.   The defendant is sued in his INDIVIDUAL Capacity
The misconduct %ROSAS engaged in occurred during his employment as a Correctional Officer.

9. Defendant: Dominic SANCHEZ
Works at: California State Prison-Los Angeles County,(Lancaster), 44750 60TH Street
West, Lancaster, California 93536
Yard 3, Correctional Officer   The defendant is sued in his INDIVIDUAL Capacity
The misconduct % Sanchez engaged in occurred during his employment as a Correctional Officer.

10. Defendant: Olga REID
Works at: California State Prison-Los Angeles County,(Lancaster), 44750 60TH Street West
Lancaster, California 93536
Facility B (LVN) Nurse   The defendant is sued in her INDIVIDUAL Capacity
The misconduct (LVN) Reid engaged in occurred during her employment by the State at CSP-LAC.

10. Defendant I. Mijares
Works at: California State Prison - Los Angeles County, (Lancaster). 44750 60TH Street
West, Lancaster, California 93536
Lieutenant, Correctional Officer    The defendant is sued in his INDIVIDUAL Capacity
The Misconduct Lt. Mijares engaged in occurred during his employment as a Correctional Officer.

11. Defendant M. HODGES
Works at: California State Prison - Los Angeles County, (Lancaster). 44750 60TH Street
West, Lancaster, California 93536
Appeals Examiner, Captain        The defendant is sued in his INDIVIDUAL Capacity.
This misconduct Capt. Hodges engaged in occurred during his employment as a Correctional Officer.

13. Defendant: M. VOONG
Works at: California State Prison - Los Angeles County (Lancaster). 44750 60TH Street
West, Lancaster, California 93536
Chief, Office of Appeals       The defendant is sued in his INDIVIDUAL Capacity
The misconduct Chief, M. Voong engaged in occurred during his/her employment as a CDCR employee.

14. Defendant: Debbie ASUNCION
Worked at: California State Prison - Los Angeles County, (Lancaster). 44750 60TH Street
West, Lancaster, California 93536
Warden           The defendant is sued in her INDIVIDUAL Capacity
The misconduct Warden Asuncion engaged in occurred during her employment by CDCR as Warden.

4.

15. Defendant: A. AYON
Works at: California State Prison-Los Angeles County (Lancaster), 44750 60TH Street West, Lancaster, California 93536.
Correctional Officer     The defendant is sued in his OFFICIAL Capacity.
The misconduct % A. Ayon engaged in occurred during his employment as a Correctional Officer

16. Defendant: A. Ojeda
Works at: California State Prison- Los Angeles County (Lancaster), 44750 60TH Street West, Lancaster, California 93536.
Correctional Counselor.     The defendant is sued in her INDIVIDUAL Capacity.
The misconduct CCI, A. AJEDA engaged in occurred during her employment as a Correctional Counselor.

17. Defendant: Trevor Agar
Works at: California State Prison-Los Angeles County (Lancaster), 44750 60TH Street West, Lancaster, California 93536
Social Worker.            The defendant is sued in his INDIVIDUAL Capacity
Defendant engaged in misconduct during his employment with California State, CDCR.

18. Defendant: Gavin NEWSOM
Works at: OFFice of the Governor, State Capitol (attn: Legal Affairs Secretary), Sacramento California 95814
Governor         The defendant is sued in his OFFICIAL Capacity
Defendant is legally responsible for the over-all Custody to be lawful, Safe and Secure.

19. Defendant: Kathleen ALLISON
Works at: California Department of Corrections and Rehabilitations, P.O. Box 942883, Sacramento, California 94283-0001
Director of Corrections.     The defendant is sued in her OFFICIAL Capacity.

20. Defendant: R. Johnson
Works at: California State Prison-Los Angeles County (Lancaster), 44750 60TH Street West, Lancaster, California 93536.
Current Warden at CSP-LAC   The defendant is sued in his OFFICIAL & INDIVIDUAL Capacity.  The neglect & Misconduct occurred during his employment with CDCR.

21. Defendant: Jackie Lacey

Works at: Los Angeles County, District Attorney's OFFice, 210 West Temple Street., #18000, Los Angeles, California. 90012-3210 Defendant is sued in her OFFICIAL Capacity.           Los Angeles County's District Attorney D.A. Jackie Lacey's duties are to investigate, Prosecute, and ensure due Process of Law.


22. Defendant: John or Jane Doe      This Person is sued in their Individual Capacity

This Person transmitted a message to CSP-LAC OFFicial to attack Plaintiff via the Computer.

6.

23▪▪. Each defendant is sued Individually and or in his or her Official Capacity. At all time(s) event(s) mentioned in this Complaint each defendant acted under the Color of State Law.

## The Following Civil Right(s) have been Violated

24. In retaliation for Plaintiff's Protected activities in the assertion of the (1st) First amendment's Freedom of Speech (Submitting Complaint(s) Purporting the Crime(s) against me, and redress of grievance (attempting to file a 42 U.S.C. § 1983), along with the Self-advocacy in investigating Plaintiff's Criminal Case by requesting an Olson Review, etc. Plaintiff's 1st amendment is Violated as a Protected and Secured activity. Plaintiff's (4th) amendment was Violated, Plaintiff was Seized with-out Probable Cause. Plaintiff's 6TH amendment is Violated, as a Pro-Per litigant exercising the (1st) First amendment Plaintiff retains the right of effective assistance of counsel, (to be effective & investigate), which the defendant's action(s)/violation(s)/obstruction has caused a chill effect to, and against Plaintiff's right(s). Plaintiff's 8th amendment was violated, Plaintiff was Subjected to Cruel and Unusual Punishment, (Assault & Battery, with injury recommend for Surgery), (Intimidation), and (Atypical Lock-up/Hardship). All right(s) violation(s) aforemention are in Conjunction with Plaintiff's 14th amendment right, (due Process), also being Violated. Life Liberty and Property being taken with-out due Process of Law.

25. The defendant(s) mentioned herein, under Color of Law, willfully Subjected Plaintiff to the deprivation of right(s), Privileges, and Immunities secured and Protected by the United States Constitution and Laws of the United States.

26. The defendant(s) mentioned herein acting under Color of Law have intimidated, Interfered, and Obstructed with Plaintiff's Participation in and receiving the the Services benefits Privileges and activities Provided and administered by the United States. The defendant(s) have Committed and Participated in Crime(s) that Violate(s) California Penal Code(s) and United States Code(s). These act(s) being Purported herein directly or indirectly do involve (has a Nexus to) Plaintiff's Kidnap, False-imprisonment, Extortion, et cetera; Committed under Color of Law.

27. The Violation(s) action(s) against Plaintiff Purported herein this Complaint did not advance any legitimate goals of the Correctional Institution or CDCR whatsoever. The action(s) of defendant(s) Purported herein this Complaint Contradict the Employee Standards established in: CDCR's Code of Conduct, General Qualifications, and Law enforcement Code of Ethics.

28. The attack being Purported in this Complaint was a Planned event.

<u>SUPPORTING FACTS.</u>

29) Sgt. Aguirre accosted Plaintiff as I was receiving my medication at the Medication window during noon Pill-Call. Sgt. Aguirre told Plaintiff to turn around and Cuff-up, (let him put the hand-Cuffs on me behind my back), Plaintiff Complied, and then asked "Why am I being Cuffed-up?" Sgt. Aguirre replied "It's For a 602 hearing. % Alexander looking as Perplexed as I was volunteered to aid in my escort to the Program Office. <u>At this Point Plaintiff was hand-Cuffed and Seized without Probable Cause,</u> violating Plaintiff (4TH) fourth amendment against unreasonable Seizures.

30) Once inside the Program Office, (%) Correctional Officer Alexander had Plaintiff Straddle a chair Placed at the Front right-hand side of the desk Just Pass the threshold of the Office's door. Sgt. Aguirre Sat behind his desk in Front of his Comuter at the Left-hand side of the desk. Lt. Martinez and Sgt. Griffin were located in the back of the Office (conversating) at her (Sgt. Griffin's) desk. She was seated behind the desk, while Lt. Martinez was standing at the right side of the desk. (the Hand-Cuffs were never taken off Me). Plaintiff repeatedly asked Sgt. Aguirre to take off the hand-Cuffs, Sgt. Aguirre ignored Me. Plaintiff then repeatedly asked that the 602 hearing be Post-Poned, to let another Person hear it, and to let me go back to my Cage/Cell. All my request were denied. (<u>Thats False-Imprisonment</u>).

31.) Plaintiff's request and need to leave the Program Office was heard by Sgt. Griffin at this time. As I explained to her the situation and my need to leave the Program Office, Lt. Martinez came over to Sgt. Aguirre's desk, read something on the Computer, (something Sgt. Aguirre pointed out to him on the Computer), which then Lt. Martinez stepped back to clear the desk, grabbed the top of the chair I was straddling with his right hand, lifting it up from under Plaintiff, thrusting his body forward hitting Plaintiff in the face, dislodging Plaintiff from the seat sending Plaintiff unbalanced backwards into the hallway were (C/O's) Correctional Officers FERRSO and LACHINON grabbed Plaintiff from behind, took Plaintiff down landing me on my knees in the room across the hall from the Sergeant's Office.

32.) In this room, (while Plaintiff is still hand-cuffed), C/O's LACHINON and FERRSO proceed to unnecessarily and with intense force inflict Plaintiff through a series of wrist and arm holds/Locks. First, to stand Plaintiff up onto his feet pressing Plaintiff hard up against the wall, holding me there with pressure and wrist & arm holds still being applied unnecessarily excessive with force and intense aggression. Plaintiff was then made to get back down on his knees, and then lie down flat on the ground. All the while, these arm & wrist hold are still aggressively being applied.

33.) Other (%/s) Correctional Officers enter the room with Lt. Martinez. %/ FERRSO Places his knee and presses down on the right side of my head. Lt. MARTINEZ steps over me and kicks me (3) three times in the ribs on my right side he goes behind me, kicks Plaintiff in the genital area (3) Three times as %/s Correctional Officer held my legs apart, he went to my left side Kicking me in the ribs (3) three times. then Lt. MARTINEZ goes back around to my right side and Kicks me in the Ribs (3) three more times.
     A %/o Lifted my leg up So Lt. MARTINEZ could kick me in the genitals again, but, he didn't.


34.) Correctional Officers LACHINOV and FERRSO still intensely using wrist and arm holds raise me up to my knees slamming my face and torso (chest area) into the wall, then raise me up onto my feet (Still applying holds twisting my arms and wrist). %/s FERRSO and ENRIQUEZ exchange positions. Now, %/o ENRIQUEZ is on my right side twisting and holding my right arm and wrist. At this time %/o LACHINOV has applied an intense amount of unnecessary force and pressure in contorting my left arm & wrist, Plaintiff Cried out in Pain. %/o ENRIQUEZ had to tell %/o LACHINOV to ease up release the force pressure being applied. (He [%/o ENRIQUEZ] tap him [C/o LACHINOV and used hand signal to get him to ease up [hand gestures]). But, it was to late. Due to %/o LACHINOV'S excessive force, he tore and Ripped the ligament and cartilage of Plaintiff's left shoulder. It was recommended that Plaintiff have surgery on my left shoulder to correct damage.

35) A Correctional Officer Put a "spit Mask" over Plaintiff's head For no reason other than to hide Plaintiff's injuries and humiliate Plaintiff as I was taken to Facility-B, Intake Medical. There, LVN Reid came into list my injuries. But, when I told her that I was Jumped/attacked by the Correctional Officers while I was Cuffed-up, She turned around and left without taking down my injuries. (10) ten or (15) Fifteen Minute(s) later %Alexander brings LVN. Smith into the holding-room to take down/List my injuries. (Note: The 7219 LVN.Smith completed and Filed is being Kept from Plaintiff and was not attached to the Rule(s) Violation Report or the Incident/Crime report(s).

Plaintiff was then taken to (ad-Seg) Administrative Segregation.


36) Before, Plaintiff was taken to (ad-Seg) (Dr. Engles) my Clinician at the time Came into Medical Intake and told me that Sgt. Aguirre was Claiming that I Kick'd a Chair and hit him with it. And, was going so Far as to Show People a mark or Scar to Show where the chair made Contact. Plaintiff never Kicked a Chair, Sgt. Aguirre was not hit by a Chair to my Knowledge, nor does the (RVR) written by Sgt. Aguirre mention him being hit by a Chair.


37) All documents written by Staff Pertaining to the aforemented (excessive Force and (Assault & Battery)), have been Falsified. Each Person acting under Color of law willingly and Knowingly Failed to Stop and report the Crime(s), Criminal activities(s) they witnessed. Each Person acting under Color of Law willingly and Knowingly Falsed the report(s) to interfere and Subject Plaintiff to the deprivation of his right to (due Process) the Services of (ISU) OFFice of INVESTIGATIVE SERVICES UNIT and (I.A) INTERNAL AFFAIRS. in the

investigation of the excessive Force (Assault & Battery).

38. These act(s) also Constitute (Misprision of Felony) and (Obstruction of an Investigation).

39. Document(s) were Falsified to deprive Plaintiff of due Process in the Disciplinary hearing of the Falsified (RVR) in retaliation to Falsely accuse (Frame), Plaintiff of "Assault", a (SHUable offense). Use Plaintiff as a Patsy, give the appearance of guilt, Proffer a reason for the attack, and relieve themselves (Correctional Officer(s)) of their Culpability in the retaliation & Crime(s) against Plaintiff, Compounding Crime(s), willfully Subjecting Plaintiff to unjust Placement in an Atypical Lock-up/Hardship For (65) Sixty-Five days From February 14TH, 2018, to April 19TH, 2018. (Administrative Segregation Placement). (Note: April 19th, is also the date Plaintiff was to be released From the retaliatory C Status inflicted by Lt. Mijares and other Officer Plaintiff Submitted Complaint(s) on.).

40. The evidence of the defendant's Participation in the excessive-Unnecessary Force (Assault & Battery), and the Falsification of document(s) are the report(s), Classification Chrono, Crime/Incident Report(s), (602) response(s), etc, written or Certified by them with their Signature as TRUE and Correct.

41. Plaintiff did not kick a chair, Plaintiff did not Call Sgt. Aguirre a Bitch, Plaintiff did not resist, Plaintiff did not try to re-enter the Sergeant's Office, Plaintiff did not Sit on the Floor, Plaintiff was not on the Floor with his knees to his chest. All accusation of resisting, Assault, or any type of Physical aggression by Plaintiff are Falsified entries. The allegation

that Plaintiff kicked a chair towards Sgt. Aguirre is an IMPOSSIBLE scenerio due to the setting, positioning of the desk, and where Plaintiff was seated by C/o Alexander at the threshold of the entrance, straddling a chair, (hand-cuffed behind my back). The narrow passageway does not create an angle for the proffered scenerio to occur.

42. The allegation that Plaintiff called Sgt. Aguirre a "Bitch" comes from, and is a reference to the (RVR) Plaintiff had dismissed completely in 2017, (RVR, Log # B14-12-0049), after it being re-issued-re-heard (3) three time(s). The term is repeatedly used by Correctional Officers in their retaliatory Falsification of RVR's to vilify Plaintiff and create a false pattern of verbal abuse and hostility.

43. The referenced RVR, Log# B14-12-0049 is also referred to in the falsified (ICC) CLASSIFICATION CHRONO dated: (Written 2/20/18; Hearing date 2/22/18), authored by CCI A. Ojeda. (Please view Ex. D.). It's referenced with the statement: "ICC notes that S needs the following SHU assessment and referral to SHU CSR for RVR dated 12/02/14 Log# B14-12-0049, threat to a Peace Officer." (Note: The Chrono say "Threat to a Peace Officer", not "Threatening a Peace Officer". The difference in wording creates a difference in meaning & message given.). The (RVR) was dismissed and CCI Bradford re-done/checked the SHU assessment in 2017.

14.

44. Also, once an RVR is dismissed the RVR is suppose to be removed from the Person C-File along with attaching document(s), and given to that Person. This was not done in Plaintiff's Case. I was shown the RVR was being maintained in Plaintiff's C-File under "Incident Reports". I was shown this before their attack on me. RVR Log # B14-12-0049 is also Now Part of the evidence in the 42 U.S.C. Section 1983 Case no: 17-05689 EJD (PR) — Now, Case No: 2:18-cv-10349. (Please Review the Docket List and evidence Submitted under those Case Numbers. Docket (number 16) is when Correctional Officer intercepted a Mailing From the Court, Falsified it Stating "Refused the mailing", and sent it back, while I was being held in ad-Seg (administrative Segregation).) between the date(s) of 2/14/18 to 4/17/18.

   During the time Plaintiff was attempting to File the Complaint in District Court. Correctional Officers were Stealing the mailing etc Obstructing it's Filing, Reading my mail.

45. Furthermore, RVR Log # B14-12-0049 and the §1983 (Leave to Amend) it's attached to has ~~and out~~ a direct Connection to Plaintiff's Kidnap, False-imprisonment, et Cetera. Plaintiff was Concealed in ad-Seg to be denied access to the Court(s) in defense of a Prop-36 re-sentencing Petition. RVR Log # B14-12-0049, and the appeals/Complaint(s) Submitted in relation are an essential Part to the retaliation, Obstruction, intimidation, refusal of Services, and deprivation of Right(s).

46. Other (602) Complaint(s) being retaliated against For, leading up to the attack are:

Ex. W. The Complaint Letter dated 10/9/17 mailed out or attempted to be mailed to various CDCR Official(s) the Warden (Debbie Asuncion) and other outside Official(s) and agencie(s). (Please view Ex. T. The Warden's response letter.). The

15.

letter/Complaint requested among other things, an Investigation into Plaintiff's Kidnap, False-Imprisonment, Violation of the (13TH) thirteenth amendment and human trafficking. Plaintiff also requested in the Complaint letter to be given the information of the discrepancy and Warning Error(s) shown on Plaintiff's (LSS) "Legal Status Summary" Sheet.

47. The Complaint letter purports the Warden's (Debbie Asuncion) indifference and participation in their "Code of Silence", (Concealment of Crime(s)). The Complaint letter also purports and Contains the 602's (CDCR's Complaint forms) written on CC1. J. McMahon for refusing to render services and give Plaintiff an (Olson Review), which is a Right; dated: 9/20/17. Complaint on Lt. Martinez for Falsifying RVR hearing, dated; 9/24/17. Complaint on C/o Guzman for tampering (obstruction) of Legal Mail, dated: 6/27/17. Compliant Log# LAC-B-17-04322, C/o's Drayton & Estrada refused to release Plaintiff for dayroom and/or Law Library, dated: 7/31/17. Appeal of Falsified RVR Log# 03573440 written by C/o A. Aron, dated: 10/15/17. Complaint on C/o Stevenson, retaliation, refusing to give Plaintiff a shower, dated: 10/4/17. Complaint on C/o Asa doorian refused Law library. dated: 10/4/17. Also, ~~Lieutenant~~ Plaintiff's Abstract of Judgment is in the Complaint letter.

48. Complaint(s) also Plaintiff is being retaliated against for are:

· Complaint, Log# LAC-B17-05688 written on C/o Caprio (Strip Search) dated: ~~[illegible]~~. 10/31/17. (Note: There a Symbol or initials outside of Section E. Second Level. Why is there and what does it mean.).

.16

49. There was not an investigation into the issue(s) raised in the (602's), Complaints (See Ex. V. exhausted Complaint, and Ex's, E-thru-K, Complaints attached to exhausted by the administration Labelling them "Duplicates to LAC 618-01212."). Evidence that the Complaint(s) did not receive (due Process), an Investigation/Inquiry was Obstructed is the State of California "RIGHTS and RESPONSIBILITY" statement (CDCR 1858) Form, Signed & dated by Plaintiff and attached to the Complaint to ensure right(s) and an Investigation on 4/26/18. A receiving staff member did not sign & date this Form to avoid/Obstruct the Complaint(s) Processing and Investigation by the agencies that are task to Investigate the Felonious activity Purported in the Complaint(s).
   The agencies to Investigate such matters as Purported would be (ISU) Investigative Services Unit and/or (IA) Internal Affairs.
   The Complaint(s) were Intercepted-Meshed together under (1) One log number and Obstructed from Investigation. and the right(s) a Complainant has in reporting Improper Peace Officer Conduct. (Please See (CDCR 1858) In Ex. V.).

50. Other Indicator(s) that the Complaint(s) were not Investigate/Inquiried into the Issue(s) is the lack of Authoritative Signature(s) and/or document(s), initials in the wrong Place where an authoritative Signature should be, and there being Initial(s) Symbol(s) outside the border(s) of the First & Second where there shouldn't be any Markings, and the rhetoric by the responder(s). The Second Level response is also Falsified.

17.

51. <u>FIRST LEVEL</u> (Section C). Complaint was assigned to a Person who initialed onto the document (PH). Then the Complaint at the First Level is Stamped (BYPASS) and the initial(s) (2) two letter(s) are written in the bottom Left-hand Corner where they don't belong (there meaning and Purpose Can only be adverse.). As a Matter of Fact, whoever initialed the First Level with (PH) Signed onto the document incorrectly. A Person's Full name is to be Signed/given to indicate name, title, and Authority. (Please See Ex. √.).

<u>SECOND LEVEL</u> (Memorandum, dated: April 5, 2018.). (Ex. √)

52. <u>Subject Section</u> : "Determination of Issue". The responder Claims the "HIRING AUTHORITY" reviewed the Complaint and referred it for an "APPEAL INQUIRY". Nowhere is there a document giving acknowledgment of the "HIRING AUTHORITY'S" review of the Complaint, nor are there any Signature(s) (name and title) that reflects the authority of a member of the Hiring Authority reviewed the Complaint. (Second Level has been Falsified and investigation Obstructed.), (Concealment).

53. <u>Subject Section</u>: "Summary of Appeal Inquiry". The date is Wrong. The attack (ASSAULT & BATTERY) occurred February 14TH, 2018, <u>not</u> February 24TH, 2018. Questioning the witnesses he (Lt. Mijares) Chose (biasly) to interview about misconduct activities on the 24TH, relieves his Chosen witnesses to interview, (who are the Perpetrator(s)), of the duties/obligations

18.

OF making true and correct statement(s) about the misconduct crime(s) against Plaintiff that occurred on the 14TH of February 2018. (That is also making a false and/or misleading statement in an official report and or record.).

54. Subject Section: "Witnesses". As aforementioned they're the witnesses he (Lt. Mijares) biasly chose, which are the Perpetrator(s) of the attack, excessive force (ASSAULT & Battery) & (FALSIFICATION of the RVR and related document(s).), Defendant(s): Lt. A. Martinez, Sgt. R. Aguirre, C/o J. Ferrso and C/o A. Lachinov. Question and Answers were not entered onto the record, given to me. Furthermore, C/o Alexander, Sgt. Griffin, LVN. Reid, LVN. Smith and other Correctional Officers and Prisoners assigned to work in the Program Office were not interviewed

55. Subject Section: "Finding". Finding are false, rhetorical, and have no Foundation. Plaintiff clearly names C/o Alexander & LVN Reid as witnesses in the Complaint (See Ex. V.). Also in any investigation witnesses are found by the effort(s) of the investigator. The victim does not have to mention, or might not know of every witness available. There's more witnesses by admission of involvement in their writings in the (I/c) Incident/Crime report Log # LAC-BPG-18-02-0150. (See Ex. B). Also, in this section Lt. Mijares claims to have reviewed the CDCR-1858 Rights & Responsibility Statement. That is another falsified entry. (view Memorandum's date: 4/5/18. Plaintiff did not sign, date, and attach the CDCR-1858 Right(s) & Responsibility

19.

Form until 4/26/18, and it was not signed or honored. The other documents Lt. Mijares claims to have reviewed are Falsified, and Known to be Falsified Lt. Mijares knows they Falsified by the same officers he chose as witnesses. None of the ISSUES were INVESTIGATED. The Falsification and Rhetoric at the Second Level are to Conceal That Fact. Lt. Mijares also went on to threaten another litigator by Mentioning the attack against me to him. (Please See Ex. Q.). Declaration by Mr. Lazarus Ortega.

56. <u>THIRD LEVEL REVIEW</u>. In Concert with their CounterParts, (Second Level Review), they willFully Subject PlaintiFF to the deprivation of rightful Privileges and immunities secured and Protected by the Constitution and Law of the United States. Once again There was not an Investigation into the issue(s) nor the due Process deficiencies of the Second Level's review, or Conflict of Interest PurPorted. Third Level reviewers Capt. Hodges and Chief, M. Voong, (Chief M. Voong PlaintiFF has tried to submit numerous Complaint(s) on.), Knew through their training and Years of Experience in their duties in the Positions of APPeals Examiner and Chief Inmate APPeals within CDCR that: 1) An Investigation/Inquiry into the issue(s) was not done.

2) The Second Level response is Falsified, Fraudulent, and Misleading

3) An Investigation by (ISU) Investigative Services Unit and (IA) Internal Affairs was Obstructed.

4) The Complaint was miscategorized as a 7, when it should be a 9.

5) The Crime(s) PurPorted in the Complaint are being Concealed.

20.

6) The Conflict of Interest Purported in Section .F., of the Complaint and the attached declaration written by Lazarus Ortega.

57. Third Level Review's duties, among other duties are: to un-conceal Crime(s), report Crime(s), and Correct due Process Violations/deficiencies. Third level's decision to denied the Complaint is rhetorial un-founded and a denial of Plaintiff's 14TH Amendment right to due Process in the investigation of the Crime(s) reported against Complainant/Plaintiff in reprisal(s) of 1st & 6th assertion(s) and to stop obstruct 1st and 6TH amendment assertion(s). Aiding in the intimidation of Plaintiff and directly interfering with Plaintiff's Participation in the Services Provided by (ISU),(IA), LA-Dist Attorney's Office, and the United States. The Findings/entries at the Third level of review are Falsified and misleading to deprive and Conceal the deprivation of Right(s) and Crime(s) against Complainant/Plaintiff. An appropriate review and evaluation of the allegation/Issue(s) of the Complaint demand ISU &/ or an Internal Affairs Investigation. The due Process deficiencies at the Second Level Clearly Obstructed the Process.

## THE CLASSIFICATION COMMITTEE CHRONO (FALSIFIED) by CCI, A. Ojeda.

58. ~~Deprivation~~ In Concert with the defendant(s) being Sued in their Individual Capacity and in retaliation for Plaintiff's Protected & Secured 1st and 6TH amendment right assertion(s) CCI A. Ojeda under Color of Law willfully Subjected Plaintiff to the deprivation of right(s), 14th amendment (due Process) by Falsifying the CLASSIFICATION COMMITTEE CHRONO dated

21.

Written 2/20/18. Classification Committee date 2/22/18. (For more Information Please the Complaint written on the Issue, Ex. O.). Also CCI A. Ojeda entered this Falsified document into the record to aid in the defendant(s) Intimidation of Plaintiff, and interfere with Plaintiff's Participation in the Services Privileges and activities Provided and administered by the United States and agencies of the United States, Faciliating an Atypical Lock-up/Hardship.


59. The MENTAL HEALTH ASSESSMENT was Falsified by Mr. Trevor Agar In concert with sued individual Capacity defendant(s). Plaintiff did Submit a Complaint on the issue. (Please Ex. N.). Also, Mr. Trevor Agar is Not qualified to do a Mental Health Assessment. Mr. Agar Proclaims of (SOCIAL Worker), he does not have any Medical degrees or titles.

In retaliation for Plaintiff's Protected and Secured 1st and 6th amendment assertions, acting under Color of Law willfully Subjected Plaintiff to the deprivation of right(s) (due Process) 14th amendment by Falsifying by Falsifying the Mental Health Assessment to be Considered in the Rule(s) Violation Hearing. Faciliating an Atypical Lock-up/Hardship, and retaliation.

60. Defendant, Associate Warden, R. Johnson, in retaliation for Plaintiff's assertion(s) of the 1st & 6th amendment, signed the falsified (128G) Classification Committee Chrono Certifying it as true and correct knowing or should have reasonably known the document was falsified for the afore-mentioned reasons purported in this Complaint,(including Ex. D.); depriving Plaintiff of the 14th amendment guarantee of due Process.

61. It is also Plaintiff's belief that the (AW) R. Johnson Certified the 128G to facilitate the Concealment of the Assault & Battery against Plaintiff by the other defendant(s), and an Atypical Lock-up/Hardship. Which was an attempt to render Plaintiff ineligible for Prop-57 Non-Violent Parole Process to maintain Plaintiff's Kidnap and False-imprisonment.

62. R. Johnson willfully subjected Plaintiff to the deprivation of right(s)(1st) amendment(s) Freedom of Speech & Freedom to Petition and the (14th) amendment right to due Process. R. Johnson interfered with Plaintiff's Participation in the Services benefits and activities administered by an agency of the United States. His signing Certifying a falsified document obstructed an Investigation, and created a Hardship that produced a Chill effect, and further intimidation. The (DMS) Daily Movement Sheets will show Plaintiff was not housed in (ASU) Administrative Segregation Unit at that time. There wasn't any investigation.

23.

63. In retaliation for Plaintiff's assertion(s) of Secured and Protected 1st and 6TH amendment(s), and to stop, deter, intimidate Plaintiff from continuing the Protected and Secured activity of 1st and 6TH amendment assertion(s) the following defendant(s) Under Color of Law willfully Subjected Plaintiff to the deprivation of his 8TH amendment right to be free of Cruel and Unusual Punishment, not to be Physically attack, excessive force, assault & Battery, without due process of Law (The 14TH amendment). The following defendant(s) Committing the Criminal act of Misprision of Felony in retaliation for Plaintiff's 1st and 6TH amendment(s) assertion(s)(Subjected willfully with intent) to the deprivation of Right(s)(14TH amendment due process and service(s),(Investigative Services, agencies), Provided by administered by the United States by intimidation, ~~and~~ Interference, and Falsifying document(s) (RVR Log# 4454541,(Ex.A.), and (Y/c), Crime/Incident Report(s) Log# LAC-BPG-18-02-0150,(Ex. B).

· Sergeant. R. AGUIRRE (Defendant) Falsified RVR, Log# 4454541. (Please view Ex. E.) Also, Falsify Crime Incident report #LAC-BPG-18-02-0150.

· Lieutenant. A. MARTINEZ (Defendant) Falsified his entries into the (Y/c) Incident/Crime report, Log# LAC-BPG-18-02-0150 (See Ex. F.)

· Correctional Officer. J. FERRSO (Defendant) Falsified his entries (Y/c) Incident/Crime report, Log# LAC-BPG-18-02-0150 (See Ex. I.)

24.

- Correctional Officer. A. LACHNOV (Defendant) Falsified his entries into the ▓▓ Incident/Crime report, Log # LAC-BPG-18-02-0150. (See Ex. J.)

  Note: The above (4) Four Officers (Defendants) Perpetrators are the Initiating (4) Four of the attack, excessive force, (Assault and Battery), Who are also the only People Lt. Midare "Chose" to allegedly interview.

- Sergeant. Latasha Griffin (Defendant) Falsified her entries into the Incident/Crime report, Log # LAC-BPG-18-02-0150. (See Ex. K.)

- Correctional Officer. R. ROSAS (Defendant) Falsified his entries into the Incident Crime report Log # LAC-BPG-18-02-0150. (See Ex. G.)

- Correctional Officer. Miguel ENRIQUEZ (Defendant) Falsified his entries into the Incident Crime report Log# LAC-BPG-18-02-0150. (See Ex. H)

- Lieutenant. A. MARTINEZ (Defendant) Falsified, Administrative Segregation Unit Placement Notice. (See Ex. C.)

25.

- Correctional Officer. A. Ayon. (Defendant) Falsified (I.E) Investigative Employee Report For RVR Log# 4454541 (See Ex. L.)

- LVN. REID. Falsified Medical Report of Injury or Unusual Occurrence. (SEE Ex. B.)

64. ALL document(s) aforementioned have been Falsified. Plaintiff has requested For POLYGRAPH EXAMINATION(S) For himself and all That have Falsified Report(s), (Document(s)) Pertaining to RVR Log# 4454541, Incident Crime Report Log#, and (ASU) administrative Segregation Placement. Plaintiff has request ISU, IA, & FBI Investigation. (I/c Report Log# LAC-BPG-18-02-0150).

65. Exhibit.Y. also show a Pattern of harassment, intimidation, Falsification and intentional misclassification or retaliatory (RVR'S) Rules Violation Report(s) to Make Plaintiff Ineligible For the Prop-57 Non-Violent Parole Process. Which is Conducive to this Criminal Organization of Law enforcement officials Common Goal to Keep Plaintiff Falsely-imprisoned. Also, view Ex. Z, Plaintiff's eligibility For Prop-57 has been Kept hidden From Plaintiff, and the misconduct to Keep Plaintiff Falsely-imprisoned Continues; is on-going.

26.

66. To show the court that the intimidation, Atypical Lock-up/Hardship, Falsification of document(s), retaliatory RVR's, deprivation of Rights and Services(s), etc, are on-going and a pattern of an Underground Policy(s) & Procedure(s) used by the Administration at CSP-LAC.

Plaintiff submits the Color of Law - Public Domain - Privacy Form COL(02), that was being prepared previous to this Complaint, for processing and as evidence in this Complaint. The (COL) contains (20) twenty Complaint(s) dating from 5/4/18 to 11/18/18 written on (1) one Particular Officer (% Kouzmitch). But there are other officers and more Complaints that will show the on-going retaliation, deprivation of Rights & Services(s), etc, that amounts to Criminal Misconduct. (Please Review Exhibit.Y. and the exhibits inside.)

67. Furthermore, it is Plaintiff's belief that the action(s) purported herein this Complaint were initiated to induce/inflict Plaintiff with a (SHU) Security Housing Unit Program to render Plaintiff ineligible for the PROP 57 Non-Violent Parole Process. Which Plaintiff has the eligibility date of 12/30/09, and the administration is refusing to Put Plaintiff up for a Board of Parole Hearing.

68. It is also Plaintiff's belief that the (go ahead) to attack Plaintiff in the manner(s) purported in this Complaint was given by a person (John or Jane Doe) over the computer in retaliation to keep Plaintiff Falsely-imprisoned, unable to obtain

the resources needed to report the Criminal and Civil Violation against me, and obtaining ~~the~~ representation, (LAWYER), Legal aid. Violating Plaintiff's (1st) First amendment right to Freedom of Speech and Redress of Grievance (access to the Court(s); ~~and~~ Plaintiff's (6TH) Sixth amendment right to obtain Counsel, and as a Proper litigant (Investigation); and Plaintiff's (8TH) Eighth amendment right against Cruel & Unusual Punishment, thereby encompassing a Violation of Plaintiff's (14TH) Fourteenth Amendment right to due Process.

69. <u>Defendant, District Attorney, Jackie Lacy</u>, has a Ministerial duty and a duty to act. The crime(s) reported herein this Complaint, including Plaintiff's Kidnapping and False-imprisonment, etc, occurred in Los Angeles County, for which She is the district attorney OF. Plaintiff has Submitted numerous Complaint letters, request for a (3) three Strikes review, and Conviction review to her Office. Some of Mailings were Personalized to her (re: Jackie Lacy, ie.). Plaintiff's attempts to reach-out and receive the Service(s) of the District Attorney's Office has gone un-answered. The act(s) Purported in this Complaint also violate California State Penal Code and are linked to Plaintiff's Kidnap and False-imprisonment which is the over-all Causation of the attacks, deprivation of right(s), and Crime(s) against Plaintiff.

70. The <u>red Flag</u> indicating the <u>False-imprisonment</u> is the intentional illegal Sentencing Plaintiff has been inflicted with by this Criminal organization, (members), of State actor(s). Plaintiff does not have any Strikeable Prior(s), Serious or Violent Felonies on his record at all. These State actors Common

28.

goal to maintain Plaintiff's illegal detention and Concealment on State Prison (grounds) Facility is the major factor in the retaliatory Assault & Battery and Falsification of document(s).

71. Defendant Jackie Lacy Los Angeles County's District Attorney has a duty to investigate and Prosecute the Crime(s) committed within her office; She has the duty to investigate and Prosecute the Crime(s) reported to her and/or the District Attorney's office the duty to ensure Sentencings are in accordance with California Law (statue(s)) and that due Process was given, and D.A Jackie Lacy's duties emcompasses Seeking Prosecution for the Crime(s) that Occurred in Los Angeles County whether the Perpetrator(s) are State actor(s) or not. She also, has the duty to report Crime(s) to the (Federal Bureau of Investigation(s)).

72. The Continued Ignoring of the Crime(s) being Purported herein this Complaint, (which Should also Serve as Notice), would be deliberate indifference and denying Plaintiff the benefits, Services, and activities Provided and/or administered by an agency of the United States, and the deprivation of Plaintiff's 1st amendment right to Freedom of Speech and Freedom to Petition; the 8th amendments Prohibition of Cruel & Unusual Punishment; and the deprivation of the 14th amendment (due Process).

29.

73. Defendant, Director, Kathleen Allison, (Division of Adult Institutions), and who Plaintiff believes to be the (acting) Secretary of CDCR, has been sent by (Plaintiff), numerous Complaint letters about my illegal detention, reprisal(s) Falsification of document(s), etc, that has gone un-answered. If not for the fact that (1) One of Plaintiff's Complaint letters to the Director (Kathleen Allison) was intercepted by CSP-LAC Staff and Re-routed to Chief, Inmate Appeals, M. Voong. Who attached a Third level Review Form to it as if it was a 602, and sent it back to Plaintiff to attempt to Conceal the very Staff Misconduct his Job duties are to adjudicate and remedy, "deliberate indifference" would apply.

74. Though Plaintiff is giving the benefit of the doubt that the Director did not receive notice of aforementioned Complaint letter and may not have receive notice through other Complaint letters sent and that "Deliberate indifference" at this point may not be the Case, it is another demonstration of the Corruption and Lack of over-sight (supervision) of the daily operation and activities of Correctional Officers (Greenwall) within CDCR's Division of Adult Institutions.

75. Note: Plaintiff still has the afore-mentioned Complaint letter that was sent to the Director Kathleen Allison and inappropriately returned by Chief, Inmate Appeals, M. Voong. Also, I have a copy of the Complaint on the issue.

30.

76. The Crime(s) and Deprivation of right(s) enacted by this Criminal Organization of Correctional Officers, along with outside law enforcement, (State actor(s)), etal, that is being reported herein this Complaint are under-ground Policies and Procedures (Patterns) to Conduct ~~ongoing~~ Criminal activity and to Cover-UP (Conceal) Criminal activity. There should be no doubt that an Investigation into the issue(s) herein this Complaint (Assault & Battery, Falsification of document(s), retaliation), and the Causation of these attacks (Plaintiff's Kidnapping and False-Imprisonment), their (This Organization of Corrupt Law enforcement, State actor(s))(Common Goal) to keep Plaintiff Falsely-Imprisoned Oppress & Suppressed, Concealed illegally held hostage on Prison ground (State Facilities) have been ordered to ~~should of~~ ~~their enforcement~~ Ignored and Suppressed "down the Chain of Command at CSP-LAC (Lancaster), and Possibly through-out CDCR.

77. Kathleen Allison as Director of the Division of Adult Institution and/or acting Secretary of Corrections has a ministerial duty to Provide Safety, Humane treatment, Insurance of Lawful detention, and Lawful Prison Conditions within the Division of Adult Institutions. which, includes the adherence to the Constitutional right(s) of a Prisoner. United States Constitutional rights and California Constitutional right(s). The number of attacks in the Program Office at LAC-Lancaster on B-Facility with the Same Officers involved, or the Same method of Operation, should have Sented Up a red-Flag and launched an Investigation (oversight) into the daily Operations and disruption at this Prison, and the Prisoners being retaliated on.

31.

78. Kathleen Allison Director has a ministerial duty to provide training, Supervision Investigations Discipline and to report the Crime(s) that She is aware of or made aware of through one on one interview, documentation, letters, Phone Calls, emails, etc. There are Correctional Officers terrified of retaliation on the Prison's Grounds, (either in Blind-Spot or in the institutions Parking lot) that Keeps them from being truthful, reporting Crime(s), and/or Stopping Crime(s), Staff Misconduct. In Some cases ~~conditions~~ these Fixable Conditions make honest Correctional Officer unwilling Participant(s) in Misconduct. Not reporting a Crime is a Crime in itself. If Correctional Officers are in Fear of retaliation for fulfilling their Sworn duties they took an oath to, how am I and other Prisoners Safe?!


79. Plaintiff has a right to an Investigation, and that discipline be handed down for the Crime(s) and right(s) violation(s) Purported herein this Complaint, and the Crime(s) & right(s) violations they have made themselves accessories to. I, Plaintiff, Darren L. Harris have a right to an Investigation by CDCR's Internal Affairs Under California Constitution, Articles: 1 Section 1, (Right to Liberty); 1 Section 2 (Freedom of Speech) (Free expression of thought); 1 Section 3, (Redress of Grievances) & (right to instruct representative(s)); ~~crossed out text~~ ~~crossed out text~~; 1 Section 7 (due Process, Pursuant to the 14th amendment of the United States Constitution. 1 ~~crossed out text~~ United States Constitution, amendment(s); 1st (freedom of Speech & Freedom of Petition), and the 14th (due Process), and the 8th amendment Cruel & Unusual Punishment. Also California Constitution Article 1, Section 1, (Pursuing & Obtaining Safety); And Art I, Section 17 (Cruel & Unusual Punishment).

32.

80. Plaintiff has a right to Safety and Security, and to be Free of Cruel ~~and Unusual~~ and Unusual Punishment. In this day and age of 2019, and in the year of 2018, when the Assault and Battery (attack) by Correctional Officers against Plaintiff Occurred. It's neglient not to have Surveillance Cameras installed through-out CDCR's Prison Facilities where there Can not be any expectation of Privacy, Such as the Program Office, exercise Yards, gymnasium, Parking lot, etc. Including, the mail-room and the Appeals Coordinator's Office.

81. Correctional Officers Should be equipt with body Cameras to Promote honesty, and to Capture an Unbias showing of event(s). and deter Misconduct.

82. All (602) Complaint hearing (RVR) Rule(s) Violation Report(s) hearing and Classification Committees Should all be Video recorded.

83. Plaintiff has a Right to Safety and Security, Free Speech, Free expression of thought, redress of grievance, to instruct representatives, and due Process, with-out abridgement, obstruction, or reprisal(s). California Constitution, Article I, Sect I, (right to Liberty) & (Pursuing & Obtaining Safety); Article I, Sect 2, (Freedom of Speech); Article I, Sect 3, (redress of Grievance) & (Right to instruct representatives)); Art I, Sect 7 ((due Process) Pursuant to the 14th amendment of the United States Constitution); Art I, Sections, 17 & 24 ((Cruel & unusual Punishment); and Article II Section 1. All ~~Right~~ Political Power inherent in the People. Government is instituted for their Protection Security and benefit and they have the right to alter or reform it when good may require. United States Constitution, amendment

(1st) First, (Freedom of Speech) & (Freedom to Petition), Protected & Secured rights; (4th) Fourth, (Unreasonable Search & Seizure), (Probable Cause); (5th) Fifth (due Process); (8th) (Cruel & Unusual Punishment); and the (14th), Fourteenth, (due Process).

84. Defendant, Governor. Gavin Newsom, as Governor he is the Supreme executive Power of the State of California. The ultimate Custodian of Plaintiff's illegal detention. The governor has a ministerial duty to see that the law is Faithfully executed.   Cal. Const. Art V, Section I

85. The Crime(s) and right(s) violations reported herein this Complaint have been Committed by state actor(s) of the State of California that have banned together to Form a Criminal Organization within California's Law enforcement Conducting activities under a Constitution that is not California's, or the United States.  The Crime(s) and Right(s) violations Purported herein this Complaint are linked to the racketeering activities, Crime(s) & Right(s) violations reported to this Court in Case # 2:19 cv 2938-AG-RAO.

86. This attack, another concerted action Plaintiff is, (I believe to be), also racketeering activity to obstruct Justice, obstruct a Criminal investigation, obstruct State & Local Law enforcement tampering with a witness victim, retaliating against a witness victim, intimidating a victim witness and related crime(s) in aforementioned Case number above.

34.

87.  It is Plaintiff's belief that this was not Just a retaliatory attack and Falsification of document with an Investigation Suppressed. But, also an attack devised to make Plaintiff Ineligible for the Prop-57 Nonviolent Parole Process to maintain Plaintiff's Kidnap and False-Imprisonment.

88.  A Corruption Probe must ensue. The Attorney General and the Federal Bureau of Investigation(s) must be alerted and required to investigate the Crime(s) Purported herein this Complaint & the afore-mentioned Case number above  2:19-cv-2938 AG-RAO, and all relating Civil Complaints & 602 Complaints.

89.  The activity, (Crime(s) & Right(s)), Violations Purported herein this Complaint and afore-mentioned above Case number by State actor(s) against Plaintiff are un-lawful, Un-Constitutional and a breach of the Perpetrator's Oath of Office. Cal. Const. Article XX, Section 3.

90.  Plaintiff also request to be interviewed by the Federal Bureau of Investigations.

91.  I'll take a Poly-graph exam, and I want all Perpetrators to take a Poly-graph exam.

92.  In Upholding his ministerial duties the Governor must initiate an Investigation and Pursue Criminal Prosecution of all Criminal activities discovered.

## Exhaustion of Administrative Remedies

93. Complaint (602) Log# LAC-B-18-01212 written on the Assault & Battery, (Excessive Force) and related Complaint(s) that have been marked (Duplicates) to Complaint Log# LAC-B-18-01212 have been Completely exhausted of administrative remedies.

94. The Complaint(s) written on CCI A. Ojeda and Sgt. Aguirre have been submitted and re-submitted numerous time(s) seeking administrative remedies, with the appeals process repeatedly being made effectively unavailable to Plaintiff; or as shown herein this Complaint the administration is unwilling to provide any relief, despite what regulations provide for, it operates as a dead end. Also Correctional Officers routinely intercept Plaintiff's or are given Plaintiff's submitted Complaint which are then held and passed time Constraint(s). At this time CSP-LAC (Lancaster) administration are in Possession of over a (100) Hundred Complaint(s) passed time Constraint(s). Plaintiff has taken the appropriate steps to exhaust. Staff misconduct has rendered the Appeals process effectively un-available to Plaintiff.

95. As for the Complaint(s) written on (Social Worker) Mr. Trevor Agar. Plaintiff has written (2) two separate Complaint(s) on the issue(s). 1) A CDCR 602, Inmate/Parolee Appeal and 2) A CDCR 602 HC, Health Care Grievance. The 602 Inmate Parolee Appeal still has not been responded to due to the afore-

36.

mention machination and misconduct. The CDCR 602 HC, Health Care Grievance was sent to: Health Care Correspondence and Appeals Branch for (3rd) Third Level Review on the date of 4/9/19. I have not received response.

## LEGAL CLAIMS

96.  Plaintiff realleges and incorporate by reference Paragraphs 1 through 95.

97.  In retaliation for Plaintiff's exercising of the (1st) First amendment, Freedom of Speech and Freedom to Petition; The hand-cuffing and seizing of Plaintiff for Punishment & Intimidation by Sgt Aguirre (defendant) violated Plaintiff, Darren L. Harris's right(s) and constituted an unreasonable Seizure, Cruel & Unusual Punishment and a due process violation under the 4th, 8th, and 14th amendment(s) to the United States Constitution. and a violation of the 1st amendment as a Secured and Protected activity/Right. of the United States Constitution.

~~The Punishment Then~~

98.  In retaliation for Plaintiff's exercising the (1st) First amendment, Freedom of Speech and Freedom to Petition; The beating, (Assault & Battery), excessive Force by defendant(s), Correctional officers: Lt. Armando Martinez, Miguel Enriquez, Jacob Ferrso, Alisher Lachinov, Rolando Rosas, and Dominic Sanchez violated Plaintiff Darren L. Harris's rights and Constituted Cruel and Unusual Punishment Retaliation and a due Process violation under the

(1st) First amendment, as a Protected and Secured activity/Right. the (8th) Eighth amendment and the 14th amendment of the United States Constitution.

99. Also the afore-mentioned Constitutes a violation of California Penal Code §§ 240 Assault and 242 Battery with Great bodily injury. And title 18 USCA Section 113 (Assault & Battery). And, Cali. Penal Code 149

100. This was a Concerted act. Before the Fact and after the Fact Sgt. Aguirre Participated in the Set-up and then the Cover-up. He is Just as liable for the Crime(s) and rights(s) violation in Paragraphs 98 and 99, as an accomplice/accessory.

101. In retaliation for Plaintiff exercising the (1st) First amendment, Freedom of Speech and Freedom to Petition; defendant(s): Warden, Debbie Asuncion; Associate Warden R. Johnson; Lieutenant, Armando Martinez; Lt. I. MiJares Chief M. Voong; Capt. M. Hodges; Sgt. Raul Aguirre; CCI. A. Ojeda; Sgt. L. Griffin; C/o R. Rosas; C/o M. Enriquez; C/o J. Ferrso; C/o A. Lachinov; C/o A. Ayon; LVN. Olga Reid and Social Worker Trevor Agar Falsified document and/ or Certified Falsified document(s) as True and Correct to Conceal retaliation misconduct and deprive Plaintiff Darren L. Harris of due Process Violated Plaintiff's Darren L. Harris'ii rights and Constituted Governmental Interference(retaliation) for the exercise of a Secured and Protected activity and a deprivation of due Process. a Violation.

38.

under the (1st) First and (14th) Fourteenth amendment(s) of the United States Constitution.

102. Also the afore-mentioned ~~deducted~~ Constitutes a Violation of California Penal Code Section(s): 115(a)-(d); 118; 118.1; 118(a); 38; 120; 125; 132; 133 134; 135; 136.1; and 153 (Compounding Crime(s)). And, United States Code, title 18 USCA §§ 1001 and 1018.

103. In retaliation For Plaintiff's exercise of the (1st) First amendment right to Freedom of Speech and Freedom to Petition "John Doe" ordered (a hit), assault & Battery, excessive Force, etc, over the Computer and violated Plaintiff Darren L. Harris's rights and Constituted (Retaliation) Governmental Interference, and Cruel and Unusual Punishment, and a due Process under the (1st) First amendment (8th) Eighth amendment and the (14th) Fourteenth amendment of the United States Constitution.

104. John Doe is an accomplice and/or accessory to a Crime(s) mentioned herein this Complaint, and the Principal in Soliciting an Assault & Battery.

105. These Crime(s) & Violation(s) of right(s) were Concerted action(s) and all Participants should share in all Punishment(s) as accessories or accomplices and should all be additionally Charged with violating California Penal Code Section 147 (Inhumanity to Prisoner) & title 18 USCA Section 4 (Misprision of Felony).

106. The Plaintiff has no Plain, adequate or Complete remedy at Law to redress the wrongs described herein. Plaintiff has been and will Continue to be irreparably injured by the Conduct of the defendant(s) unless this Court grants the declaratory and injunctive relief which Plaintiff Seeks.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully Prays that this Court enter Judgment granting Plaintiff's :

107.  A declaration that the acts and Omissions described herein Violated Plaintiff's rights Under the Constitution and Laws of the United States.

108. Plaintiff request that Governor Gavin Newsom initiates an F·B·I investigation into the Crime(s) and Right(s) violations reported herein this Complaint and Complaint Case # 2:19 cv 2938-AG-RAO.

109. Plaintiff request that the Perpetrators of the Assault & Battery and Falsification of document(s) be arrested immediately.

110.  Plaintiff request that Gov. Gavin Newsom and Director, Kathleen Allison have installation of Surveillance Cameras through-out CDCR Prisons, and Correctional Officers on Prison Ground be equipped with body Cameras.

40.

111.   Plaintiff request that all of his 602 Appeal/Complaint hearing(Interviews) 115 (RVR) Rules Violations Reports(s)hearing and Classification Committee Meeting be Video taped.

112.   Plaintiff request that Gov. Gavin Newson and/or Director Kathleen Allison ensure that Plaintiff referred to the(BPH) Board of Parole Hearings for Non-violent Parole Process. Plaintiff has a(NPED) date of December 30th, 2009. Please See exhibit.Z.

113.   Plaintiff request that all of my Complaint(s) be retrieved and reviewed by official in Sacramento and the FBI. Also, CDCR'S Internal Affair

114.   Plaintiff request that Gov. Gavin Newsom and Director Kathleen Allison allow Plaintiff to be cared for by outside Doctors for the Permanent Injury Suffered to Left Shoulder. Its been recommended that Plaintiff have surgery. State Should be required to cover all medical bills, including Injuries to head, back, and genital area, and wrist. Also, a Psychiatrist for Mental anguish.

115.   I want Jackie Lacy (Los Angeles County District Attorney to investigate the Crime(s) that are reported in this Complaint that occurred in her jurisdiction investigated by her office and Prosecuted. Including Plaintiffs Kidnap False-imprisonment and illegal Sentencing.

41.

116. I want Gov. Gavin Newsom and Director Kathleen Allison to request and accommodations for the defendant(s) to submit to a Polygraph exam.

117. Plaintiff request an interview with the (FBI) Federal Bureau of Investigations.

118. Compensatory damages. in the amount of $1,000,000. against each defendant; Jointly and Severally.

119. Punitive damages in the amount of $1,000,000.00 against each defendant.

120. A Jury trial on all issues triable by Jury

121. Plaintiff's Cost in this Suit, Attorney Fees, etc.

122. Any additional relief this Court deems Just, Proper, and equitable.


Dated: 5/30/19
　　　　Respectfully Submitted,


Darren L. Harris  CSP-Corcoran, P.O. Box 3476, Corcoran, California 93212


42.